UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW A. TOBIN,

     Plaintiff,

v.                                 CASE NO. 8:25-cv-206-SDM-AEP

JUSTIN JOHNSON, *et. al.*,

     Defendants.

_____/


**ORDER**

     Tobin files a civil rights complaint but neither pays the required filing fee nor moves for leave to proceed *in forma pauperis*. As a consequence, this action is reviewed as if Tobin moves for leave to proceed *in forma pauperis*. Tobin is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

     "[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*,

144 F.3d 719, 732 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549
U.S. 199 (2007).  Tobin's actions that qualify as a "strike" under Section 1915(g)
include the following cases from the United States District Court for the Northern
District of Florida: Tobin v. Taylor Correctional Institution, 4:20-cv-292-MW/HTC
(dismissing initial complaint under Section 1915 and Tobin's failure to amend);
Tobin v. Judge Cannon, 3:24-cv-627-TKW-ZCB (dismissing with prejudice under
Section 1915); and Tobin v. Florida Dep't of Corrections, 3:24-cv-356-MCR-HTC
(dismissing second amended complaint under Section 1915).

The present civil rights complaint alleges that the defendants are violating his
right to receive mail.  Consequently, this action does not allege that Tobin is "under
imminent danger," which exception to preclusion under Section 1915(g) is limited to
present danger.  *See Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To
satisfy this exception, the prisoner must show he is in imminent danger at the time
that he seeks to file his suit in district court.") (internal quotation omitted); *Medberry
v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he
faced imminent danger sometime in the past is an insufficient basis to allow him to
proceed *in forma pauperis* pursuant to the imminent danger exception to § 1915(g).");
*see also Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) ("[P]ast harm is
insufficient to meet the imminent-danger requirement.") (citing *Medberry*).

Because he has had three or more dismissals that qualify under Section
1915(g) and because he is not under imminent danger of serious physical injury,
Tobin is not entitled to proceed *in forma pauperis*.  *See Dupree v. Palmer*, 284 F.3d 1234,

1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation.").  This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint.  Tobin may initiate a new civil rights action by both filing a civil rights complaint and paying the $405.00 filing fee.

Under Section 1915(g), the complaint (Doc. 1) is **DISMISSED** without prejudice to a new action, a new case number, and the payment of the $405.00 filing fee.  The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on February 26, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE